## SHOEMAKER et v STANDARD OIL CO.

Ohio Appeals, 1st Dist, Butler Co.

No. 790. Decided Nov. 12, 1940

C. W. Elliott, Middletown, for appellees.

McAfee, Grossman, Hanning & Newcomber, Cleveland, and Williams, Fitton & Pierce, Hamilton, for appellant.

## OPINION

By ROSS, J.

Appeal on questions of law from a judgment of the Common Pleas Court of Butler County in favor of the plaintiff.

The first trial of this case resulted in the granting of a motion for a new trial by the trial court after a verdict in favor of the defendant. After appeal to this court, the action of the trial court was set aside and judgment in this court rendered for the defendant upon the ground that the facts stated in the petition showed the existence of no cause of action against the self-

insuring defendant under the Workmens' Compensation Act.

This judgment was reversed by the Supreme Court and the case remanded to the Common Pleas Court of Butler County for a new trial. That trial resulted in a verdict for the plaintiff.

We consider it unnecessary to review the evidence at length, and that it is sufficient to say that it clearly appears that the decedent was "killed by another party out of personal spite", and that the insane person was in no sense a customer or patron of the defendant company.

The Supreme Court in **Shoemaker et v Standard Oil Co., 135 Oh St 262**, reversing this court, stated in the opinion at page 265:

"If the decedent had been killed by another purely out of personal spite or by an insane person who was not in any sense a customer or patron a different question would be presented. Therefore, cases involving such factual situations have no direct bearing on the question at hand and may be eliminated from consideration."

It appears from the evidence that Ohlinger on the day in question killed his wife, entered a taxicab, directed the driver to take him to the place of employment of the decedent, who he believed had sought to estrange his wife from him, that he asked the driver if he could change a ten dollar bill and was told he could not, that the taxi-cab was stopped as directed at the filling station of the defendant company, that Ohlinger asked the decedent to change the bill, that he received the change, and paid the driver, who drove his cab out of the station, that the decedent was putting away the bill, the taxi-cab having reached a point some distance from Ohlinger and the decedent, when Ohlinger shot and killed the decedent.

It is perfectly manifest that Ohlinger drove to decedent's place of business with the determination of killing the decedent, that the change transaction was entirely incidental to such purpose, that neither Ohlinger nor the taxi driver had any intention of becoming a customer or patron of the filling station, and that the decedent lost his life not because he was a filling station attendant, or because he was making change, or doing anything else about or concerning his employment, but solely because he had aroused the homicidal impulses of Ohlinger by actions which may or may not have justified the insane man's conclusion that the decedent was attempting to estrange his wife.

The judgment of the trial court is reversed and judgment here entered for the defendant.

HAMILTON, PJ. & MATTHEWS, J., concur.